IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIMBERLY KIMMEL, | ) |
| | ) |
|     Plaintiff, | ) No. 3:21-cv-00695 |
| | ) |
| v. | ) Judge Campbell |
| | ) Magistrate Judge Holmes |
| METROPOLITAN GOVERNMENT OF | ) |
| NASHVILLE AND DAVIDSON | ) JURY DEMAND |
| COUNTY, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**PROPOSED CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01, the following Case Management Plan is adopted.

    A.    **JURISDICTION AND VENUE**

The Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it asserts constitutional claims under 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. The Court has personal jurisdiction over the Defendant. Middle Tennessee is the proper venue because that is where the incidents took place.

    B.    **THEORIES OF THE PARTIES**

    **FOR PLAINTIFF**

Plaintiff is a female employee and a member of a protected class. Defendant is an employer as that term is defined in Title VII. Defendant discriminated against Plaintiff because of her gender. Principal Jenkins made unwanted advances on Plaintiff and, when she refused, Jenkins retaliated against her by altering and diminishing the terms, conditions, and responsibilities of her employment creating a hostile work environment. When Plaintiff complained of how she was being treated, she was further ostracized, and threatened by Principal Jenkins. Ultimately,

Principal Jenkins eliminated her position under the pretext of budgetary constraints. Defendant is liable to Plaintiff under the theories of gender discrimination, sexual harassment, hostile work environment, and retaliation.

Additionally, Plaintiff is a White female. The rest of the administrative leadership team at East Magnet is Black. Principal Jenkins readily admitted his preference for Black employees and, over the course of the 2019-2020 academic year steadily took steps to diminish Plaintiff's participation on the leadership team, diminished her roles and responsibilities, overly scrutinized her work, threatened her job, and ultimately eliminated her position after she complained about the discrimination. Jenkins has subsequently admitted in a news article that he has made a conscious effort to recruit and hire African American Males. Defendant has engaged in reverse discrimination against Plaintiff due to her race by altering the terms and conditions of her employment, retaliating against her, and ultimately eliminating her position.

Defendant is liable to Plaintiff for all economic damages she has suffered, including back pay and front pay, and compensatory non-economic damages for her emotional distress, humiliation, and embarrassment. Defendant is further liable for Plaintiff's attorneys' fees and costs incurred in bringing this action.

**FOR DEFENDANT**

Plaintiff's claims of sexual harassment and a hostile work environment fail on the merits. The administrators at her school did not engage in conduct that was severe or pervasive enough that a reasonable person would find it hostile or abusive and the Complaint does not allege facts that establish a custom, policy, or practice of Metro caused her any wrongful action in this case. By way of example, Plaintiff's administrators discussed her concerns with her and attempted to resolve them, and maintained a good relationship with Plaintiff throughout the fall 2019 semester.

Plaintiff's principal met with her individually as a show of support, and Plaintiff initiated meetings with the principal herself on several occasions. The administration at Plaintiff's school made changes to her work responsibilities largely to allow her to devote more time to her duties as Literacy Teacher Development Specialist, and continued to allow her to serve on committees within the school that were relevant to her role.

Plaintiff's discrimination and retaliation claims also fail on the merits. Plaintiff was terminated for a legitimate, non-discriminatory reason: MNPS could not maintain her position due to then-existing needs and budget. Plaintiff cannot prove this reason was pretext for unlawful discrimination or retaliation or that any alleged protected activity caused her termination. Specific to Plaintiff's race discrimination claim, Plaintiff is a white female and cannot meet her burden of proving a claim for reverse discrimination, because Plaintiff cannot prove that Metro is the unusual employer who discriminates against the majority.

C. **ISSUES RESOLVED**

Jurisdiction and venue.

D. **ISSUES STILL IN DISPUTE**

Liability and damages.

E. **INITIAL DISCLOSURES**

The parties shall exchange initial disclosures pursuant to Rule 26(a)(1) by **February 24, 2022**. The initial disclosures must include copies (not descriptions) of responsive documents.

F. **CASE RESOLUTION**

The parties are encouraged to make settlement efforts throughout the pendency of this case and must make at least one **substantive** attempt at resolution. By no later than **November 30, 2022,** the parties must file a joint case resolution status report confirming their substantive attempt

at settlement. The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their obligations under this case resolution plan.**

G. DISCOVERY

The parties shall complete all written discovery and depose all fact witnesses on or before **October 31, 2022**.

Written discovery should proceed promptly, and shall be served by no later than **August 31, 2022**.

Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted a telephonic or in-person discussion and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the telephonic or in-person discussion should be brought promptly to the attention of the Magistrate Judge by a request for a

discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. All discovery-related motions shall be filed by no later than **September 30, 2022**, unless otherwise ordered by the Court.

In connection with any discovery conference or discovery motion, the parties must file a joint discovery dispute statement, of no more than three pages per affected party per issue, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

### H. MOTIONS TO AMEND OR TO ADD PARTIES

Any motions to amend or to add parties shall be filed by no later than **July 31, 2022** and must comply with Local Rules 7.01 and 15.01.

### I. DISCLOSURE AND DEPOSITIONS OF EXPERTS

The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **November 30, 2022**.

The defendant shall identify and disclose all expert witnesses and reports on or before **December 30, 2022**.

Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5.C). Expert depositions shall be completed by **January 30, 2023**.

J.  **SUBSEQUENT CASE MANAGEMENT CONFERENCE**

A subsequent case management conference shall be held telephonically on _____, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. Plaintiff's counsel shall initiate the call.

K.  **DISPOSITIVE MOTIONS**

As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **March 15, 2023**. Responses to dispositive motions shall be filed **within 28 days** of the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies shall be filed **within 14 days** of the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

L.  **ELECTRONIC DISCOVERY**

The parties have reached an agreement on how to conduct electronic discovery. Any

agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures or, if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

**M. MODIFICATION OF CASE MANAGEMENT ORDER**

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the 5 requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS**

Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case

Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion.

**O.     ESTIMATED TRIAL TIME AND TARGET TRIAL DATE**

The parties expect the **jury trial** to last approximately **four days**. The parties respectfully request a target trial date no earlier than **August 28, 2023**. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Campbell.

It is so **ORDERED**.

                                                                              _____
                                                                              Honorable Barbara Holmes
                                                                              United States Magistrate Judge

APPROVED FOR ENTRY:

*/s/ Mathew R. Zenner*
Mathew R. Zenner (BPR #:018969)
Zenner Law, PLLC
320 Seven Springs Way, Suite 250
Brentwood, TN 37027
(615) 425-3476
*Counsel for the Plaintiff*



*/s/ Hannah E. McCann*
John Whitaker (BPR #39207)
Hannah McCann (BPR #36119)
Assistant Metropolitan Attorney
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
*Counsel for the Defendant*

# CERTIFICATE OF SERVICE

   I hereby certify that a true and accurate copy of the foregoing has been served electronically via the CM/ECF filing system to:

 Mathew R. Zenner
 ZENNER LAW, PLLC
 320 Seven Springs Way, Suite 250
 Brentwood, TN 37027

on this 18th day of January, 2022.

                /s/ *Hannah E. McCann*
                Hannah E. McCann